UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARRELL JERMAINE ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:05-CV-46-LMB ) |
| CHUCK DWYER, et al., | ) ) |
| Defendants. | ) ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Darrell Jermaine Alexander (registration no. 504545) for leave to commence this action without payment of the required filing fee.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on March 14, 2005. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $14.58, and an average monthly account balance of $12.31. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.92, which is 20 percent of applicant's average monthly deposit.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, an inmate at the Southeast Correctional Center, seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants Chuck Dwyer (superintendent), Y. Moore (case worker), Susan Wickliffe (sergeant), and Steve Long (assistant director). Plaintiff alleges that defendants violated his due process rights in erroneously giving him a conduct violation on March 29, 2004, on March 4, 2004, and in December 2003. Plaintiff states that as a result, he was "placed on alternative meals (meat-loaf)" for six days on the March 29 violation and for three days on each of the remaining violations.

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims are legally frivolous. For the due process clause to be implicated, an inmate must be subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472 (1995). Plaintiff's allegations do not indicate that he has suffered the type of atypical and significant hardship in which the state might conceivably create a liberty interest.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $2.92 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #6] is **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

Dated this  27th  day of June, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE